# In the United States Court of Federal Claims

No. 22-166C
(Filed: February 21, 2023)
**FOR PUBLICATION**

```
***************************************
ARIES CONSTRUCTION           *
CORPORATION,                 *
                             *
            Plaintiff,       *
                             *
v.                           *
                             *
THE UNITED STATES,           *
                             *
            Defendant.       *
                             *
***************************************
```

*Tara M. Patterson*, Tiffany & Bosco, P.A., Phoenix, AZ, for Plaintiff. With her was *William Morris Fischbach, III*, Tiffany & Bosco, P.A., Phoenix, AZ.

*Daniel F. Roland*, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for Defendant. With him on briefs were *Brian M. Boynton*, Principal Deputy Assistant Attorney General, *Patricia M. McCarthy*, Director, and *Elizabeth M. Hosford*, Assistant Director, United States Department of Justice, Washington, D.C., and *Karen D. Glasgow*, Field Solicitor, San Francisco Field Office, Office of the Solicitor, Department of the Interior, San Francisco, CA.

## OPINION AND ORDER

Plaintiff Aries Construction Corp. alleges that it contracted with the United States National Park Service ("NPS") for installation of a water pipeline system. *See* Compl. (ECF 1). Plaintiff claims that NPS both breached the contract and breached the duty of good faith and fair dealing when administering the contract. The government has moved to dismiss the latter cause of action for lack of jurisdiction and failure to state a claim. *See* Partial Mot. to Dismiss ("Mot.") at 1 (ECF 9). The parties have fully briefed the issue and I have heard oral argument.[1] For the reasons discussed below, the motion to dismiss is **DENIED**.[2]

---

[1] Resp. to Mot. to Dismiss ("Resp.") (ECF 18); Reply to Resp. to Mot. to Dismiss ("Reply") (ECF 20); Certified Transcript ("Tr.") (ECF 24).

[2] Plaintiff requested a stay if Defendant's motion were granted. Because Defendant's motion is denied, Plaintiff's request for a stay is moot.

## BACKGROUND

The Complaint alleges the following facts.[3] Plaintiff and NPS entered a contract, governed by the Contract Disputes Act (41 U.S.C. § 7101–04) ("CDA"), for water pipeline construction. *See* Compl. ¶¶ 2–4 (ECF 1). When Plaintiff began work, it "encountered unexpected hard rock requiring additional equipment and labor to remove it … resulting in delays." *Id.* ¶¶ 8; 16–17. Plaintiff informed NPS officials, including the contracting officer, of the unexpected conditions. *Id.* ¶¶ 9–11. NPS instructed Plaintiff to proceed and Plaintiff incurred additional expenses. *Id.* ¶¶ 9, 12, 17–18. But when Plaintiff submitted CDA claims to the contracting officer for money covering the additional work, the claims were denied. *Id.* ¶¶ 13–14, 15, 19; *see also* Pl.'s Ex. E (ECF 1-5); Pl.'s Ex. G (ECF 1-7).

Plaintiff alleges that denial of the CDA claims breached the contract (Count I) and the duty of good faith and fair dealing (Count II).[4] Defendant has moved to dismiss Count II, arguing that Plaintiff (1) failed to present a breach of the duty of good faith and fair dealing to the contracting officer, and (2) has not alleged sufficient facts to state a claim on which relief can be granted. *See* Mot. at 1; *see also* RCFC 12(b)(1), (6).

## DISCUSSION

### I. Legal Standards

The "plaintiff bears the burden of establishing subject-matter jurisdiction by a preponderance of the evidence." *Inter-Tribal Council of Arizona, Inc. v. United States*, 956 F.3d 1328, 1337 (Fed. Cir. 2020) (quoting *M. Maropakis Carpentry, Inc. v. United States*, 609 F.3d 1323, 1327 (Fed. Cir. 2010)). When reviewing a motion to dismiss for lack of subject-matter jurisdiction under RCFC 12(b)(1), this Court "accepts as true all uncontroverted factual allegations in the complaint, and construes them in the light most favorable to the plaintiff." *Estes Exp. Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014) (citing *Cedars–Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583–84 (Fed. Cir. 1993)). If a court determines that it does not have jurisdiction, it "is bound to dismiss as soon as it is aware of the deficiency." *Dico, Inc. v. United States*, 33 Fed. Cl. 1, 4 (1993), *aff'd*, 48 F.3d 1199 (Fed. Cir. 1995); *see* RCFC 12(h)(3).

---

[3] Any facts — as distinct from legal conclusions — pleaded in a complaint must be "accepted as true." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[4] Plaintiff also alleges that NPS breached the contract by denying two other CDA claims intended to correct allegedly defective contractual specifications. *See* Compl. at ¶¶ 20–34; *see also* Pl.'s Ex. I (ECF 1–9); Pl.'s Ex. K (ECF 1–11). Those CDA claims are not at issue in the present motion. *See* Compl. at ¶¶ 35–40.

To survive a motion to dismiss under RCFC 12(b)(6), a complaint in this Court must contain well-pleaded factual allegations "sufficient ..., [when] accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court considers whether to make that inference in light of "its judicial experience and common sense." *Id.* at 679. The inference must be stronger than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. But the inference does not need to be probable. Rather, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable." *Twombly*, 550 U.S. at 556. The court "must draw all reasonable inferences in favor of the claimant." *Call Henry, Inc. v. United States*, 855 F.3d 1348, 1354 (Fed. Cir. 2017) (citing *Bell/Heery v. United States*, 739 F.3d 1324, 1330 (Fed. Cir. 2014)). And "Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (quoted in *Twombly*, 550 U.S. at 556).

## II. Merits

I conclude that this Court has jurisdiction because Plaintiff gave the contracting officer sufficient notice of a good faith and fair dealing claim. I further conclude that Plaintiff has stated a plausible claim for breach of the duty of good faith and fair dealing.

### A. Jurisdiction

Before suing in this Court on a claim governed by the CDA, a contractor must present that same claim to the contracting officer and obtain the contracting officer's final decision. 41 U.S.C. §§ 7103(a), 7104(b). That presentment requirement is jurisdictional; this Court cannot hear a claim under the CDA if it is unmet. *Tolliver Grp., Inc. v. United States*, 20 F.4th 771, 775 (Fed. Cir. 2021); *James M. Ellett Constr. Co. v. United States*, 93 F.3d 1537, 1541–42 (Fed. Cir. 1996); *W.M. Schlosser Co. v. United States*, 705 F.2d 1336, 1338–39 (Fed. Cir. 1983). Defendant argues, in essence, that Plaintiff's claim for breach of the duty of good faith and fair dealing is too different from Plaintiff's CDA claim to the contracting officer for this Court to have jurisdiction.

For a CDA claim to the contracting officer to be "the same" as a claim in this Court, the claims must be based on the same basic theory, arise from same operative facts, and seek the same relief. *Scott Timber v. United States*, 333 F.3d 1358, 1365 (Fed. Cir. 2003). By the same token, this Court "treat[s] requests as involving

separate claims if they ... assert grounds that are materially different from each other factually or legally." *See K-Con Bldg. Sys., Inc. v. United States*, 778 F.3d 1000, 1005 (Fed. Cir. 2015). Defendant does not appear to dispute that Plaintiff presented the same operative facts to the contracting officer and sought the same relief. *See* Reply at 2 n.2. The question, rather, is whether Plaintiff presented the same basic legal theory to the contracting officer.

The Federal Circuit has made clear that CDA presentment does not require claims in this Court to follow "the exact language or structure of the original administrative CDA claim." *Scott Timber*, 333 F.3d at 1365. When a claim in this Court "arise[s] from the same operative facts [and] claim[s] essentially the same relief" as the CDA claim to the contracting officer, this Court has jurisdiction even if the contractor "assert[s] differing legal theories for that recovery," so long as the contractor put the contracting officer on notice of the basis of the claim. *Id.* If the contracting officer was on notice of the factual and legal substance, the contractor may assert a "slightly different legal theor[y]" when he sues. *Id.* at 1366; *see also Kellogg Brown & Root Servs., Inc. v. United States*, 115 Fed. Cl. 46, 54 (2014) ("[T]his court must examine the operative facts and relief sought in the two CDA claims, not the legal labels placed on those claims, to determine whether those two CDA claims are the same."). For example, in *Scott Timber* this Court had jurisdiction where the original CDA claim "contended that the [government] lacked authority under the contracts" to take certain actions, and the complaint in this Court "elaborated on those broad original CDA claims and identified specific contract provisions that the government allegedly breached." *Tolliver Grp.*, 20 F.4th at 777 (discussing *Scott Timber*).

That brings us to Plaintiff's claim for breach of the duty of good faith and fair dealing. To prevail, Plaintiff must show that "a specific promise" in the contract was "undermined" by the government. *Dobyns v. United States*, 915 F.3d 733, 739 (Fed. Cir. 2019). The promise must be grounded in the terms of the contract, *id.*, because "what that duty entails depends in part on what that contract promises (or disclaims)." *Precision Pine & Timber, Inc. v. United States*, 596 F.3d 817, 830 (Fed. Cir. 2010). Plaintiff must also show "subterfuge[]" or "evasion[]," such as "evasion of the spirit of the bargain, lack of diligence and slacking off, willful rendering of imperfect performance, abuse of a power to specify terms, [or] interference with or failure to cooperate in the other party's performance." *Dotcom Assocs. I, LLC v. United States*, 112 Fed. Cl. 594, 596 (2013) (quoting Restatement (Second) of Contracts § 205). Against the government, such claims "typically involve some variation on the old bait-and-switch" or "government action ... specifically designed

to reappropriate the benefits the other party expected to obtain from the transaction[.]" *Precision Pine*, 596 F.3d at 829.

Thus, a claim for breach of good faith and fair dealing must include (1) a specific promise that was undermined, plus some combination of (2) subterfuge, evasion, or dishonesty, and (3) reappropriation of a reasonably expected benefit. If Plaintiff presented such facts to the contracting officer with a claim for money, then the contracting officer had sufficient notice of a good faith and fair dealing claim, even if the current legal packaging is "slightly different." *Scott Timber*, 333 F.3d at 1365.

Drawing all inferences in favor of Plaintiff, as I must at this stage, *Estes Exp. Lines*, 739 F.3d at 692, I find that Plaintiff adequately presented the claim.[5] Plaintiff's CDA claims to the contracting officer requested an equitable adjustment on the ground that NPS officials had asked Plaintiff to perform additional work to overcome unexpected obstacles at the job site. A contractor is entitled to an equitable adjustment for a constructive change to the contract when it shows "(1) that it performed work beyond the contract's requirements, and (2) that the additional work was ordered, expressly or impliedly, by the government." *BGT Holdings LLC v. United States*, 984 F.3d 1003, 1012 (Fed. Cir. 2020); *Kiewit Infrastructure W. Co. v. United States*, 972 F.3d 1322, 1329 (Fed. Cir. 2020); *see Aydin Corp. v. Widnall*, 61 F.3d 1571, 1577 (Fed. Cir. 1995) ("Where it requires a constructive change in a contract, the Government must fairly compensate the contractor for the costs of the change [through an equitable adjustment]."). The contracting officer was therefore on notice that if he denied an equitable adjustment to which Plaintiff was entitled, Plaintiff could allege that the government had reappropriated the contract's promised benefits. That, in turn, meant the contracting officer was on notice of the facts and general legal basis that could support a claim for breach of the duty of good faith and fair dealing. *Tolliver Grp.*, 20 F.4th at 777; *see also Lee's Ford Dock, Inc. v. Sec'y of the Army*, 865 F.3d 1361, 1370 (Fed. Cir. 2017) (CDA claims contractor presented to the contracting officer must "support[] its later-asserted ... claim"); *RMA Eng'g S.A.R.L. v. United States*, 140 Fed. Cl. 191, 221 (2018) (to give the contracting officer notice of a good faith and fair dealing claim, contractor must have presented "the operative facts of a claim for breach of the duty of good faith and fair dealing").[6]

---

[5] The contracting officer denied Plaintiff's requests because he did not believe Plaintiff had followed the contractual procedure for obtaining approval for more work. Pl.'s Ex. E; Pl.'s Ex. G. The government has not moved to dismiss on that basis, though. I resolve the jurisdictional question of presentment without reaching the merits question of whether the contract permits Plaintiff's equitable adjustment.

[6] A recent decision of this Court concluded that a CDA claim for an equitable adjustment was not sufficient to establish jurisdiction over a claim for breach of the duty of good faith and fair dealing. *David Boland, Inc. v. United States*, No. 22-131C, 2022 WL 9655097, at *5 (Fed. Cl. Oct. 17, 2022).

The government objects that the contracting officer was never given the opportunity to consider whether his denial of the CDA claim breached the duty of good faith and fair dealing. Obviously Plaintiff could not have presented a claim about future events. The government proposes that Plaintiff should have submitted yet another CDA claim to the contracting officer, identical to the original but for an additional allegation that the contracting officer's decision breached the duty of good faith and fair dealing. Tr. at 28.

That makes little sense. The point of CDA presentment is to give the contracting officer sufficient notice to "receive and pass judgment on the contractor's entire claim." *Scott Timber*, 333 F.3d at 1366; *see also Cont. Cleaning Maint., Inc. v. United States*, 811 F.2d 586, 592 (Fed. Cir. 1987). Expecting the contracting officer to be aware of the legal consequences of his own decisions is perfectly consistent with that purpose.

More fundamentally, the government's argument proves too much. A CDA claim for an equitable adjustment based on a constructive change is not a claim for breach of contract: It is a claim *pursuant* to contractual rights. *See Reflectone, Inc. v. Dalton*, 60 F.3d 1572, 1577 (Fed. Cir. 1995) (requests for equitable adjustment are "a written demand for payment as a matter of right"); *Crown Coat Front Co. v. United States*, 386 U.S. 503, 511 (1967) (constructive changes "are not breaches of contract [but instead] give rise to claims for equitable adjustments"). A breach of contract does not occur until the claim for an equitable adjustment is wrongly denied. *See Crown Coat Front*, 386 U.S. at 511; *BGT Holdings*, 984 F.3d at 1010 (failure to provide an equitable adjustment can constitute breach of contract); *W. Contracting Corp. v. United States*, 144 Ct. Cl. 318, 333 (1958) ("The refusal of the contracting officer, upon demand by plaintiff, to make an equitable adjustment constituted a breach of contract."). A CDA claim for an equitable adjustment and a suit for breach of contract are thus no less distinct than equitable adjustment and a suit for breach of the duty of good faith and fair dealing. That means that if the government were right, contractors denied equitable adjustments could not sue for breach of contract in this Court until they presented their contracting officers with a second CDA claim alleging that denial of an equitable adjustment breached the contract.

---

The cases are distinguishable. The plaintiff in *David Boland* "appeared to concede at oral argument" that its request to the contracting officer "did not include the operative facts underlying a breach of the duty of good faith and fair dealing." *Id.* In this case, Plaintiff informed the contracting officer that NPS officials had told it to begin the additional work. *See* Ex. F. The *David Boland* Court did reason that a single claim to the contracting officer is insufficient to establish jurisdiction over claims arising from the contracting officer's alleged bad faith. *David Boland*, 2022 WL 9655097 at *5. But I respectfully part ways with my learned colleague on that question for the reasons set out in this Order.

That has never been the law. Lawsuits for breach of contract after denial of a single CDA claim for an equitable adjustment are common. *See, e.g.*, *BGT Holdings*, 984 F.3d at 1010; *Sarro & Assocs., Inc. v. United States*, 152 Fed. Cl. 44, 53 (2021) (suit for breach of contract based on denial of equitable adjustment); *Senate Builders & Constr. Managers, Inc. v. United States*, 131 Fed. Cl. 719 (2017) (same). When a contractor presents a contracting officer with a CDA claim for an equitable adjustment based on particular facts, this Court has jurisdiction over claims that the contracting officer's denial breached the contract. And if that rule permits lawsuits for breach of contract after denial of an equitable adjustment, it is hard to see why it would not also permit lawsuits for breach of the duty of good faith and fair dealing.[7] The government provides no basis on which to distinguish the causes of action.

The government relies on the Federal Circuit's decisions in *Reliance Insurance Co. v. United States*, 931 F.2d 863 (Fed. Cir. 1991), and *Renda Marine, Inc. v. United States*, 71 Fed. Cl. 378 (2006). Mot. at 7. In both cases, the Federal Circuit held that CDA claims for equitable adjustments did not adequately present claims for breach of the duty of good faith and fair dealing. *Reliance Insurance*, 931 F.2d at 866; *Renda Marine*, 71 Fed. Cl. at 392. The government argues that these cases show that equitable adjustment and good faith and fair dealing are not merely "slightly different legal theories" as *Scott Timber* allows, but are in fact completely distinct theories that must be presented individually. *See Scott Timber*, 333 F.3d at 1366.

Those cases are distinguishable, however, because the facts giving rise to the contractors' good faith and fair dealing claims were separate from the CDA complaints to the contracting officers. *See Reliance*, 931 F.2d at 865; *Renda Marine*, 71 Fed. Cl. at 385. In *Reliance*, the government issued more than 200 change orders that resulted in delays, which the contractor alleged constituted bad faith and a breach of the contract. *Reliance*, 931 F.2d at 865. In *Renda Marine*, the government's refusal to provide written instructions gave rise to the allegation of bad faith. *Renda Marine*, 71 Fed. Cl. at 385. Because the facts underlying the alleged breaches preceded the contractor's claim to the contracting officer, the contractors in both cases had everything they needed to present the contracting officer with their claims for breach of the duty of good faith and fair dealing in a CDA claim. *Reliance* and *Renda Marine* thus stand for the proposition that a contractor should include breach of the

---

[7] For similar reasons, the government is wrong to argue that Plaintiff's CDA claim for an equitable adjustment and its complaint for breach of the duty of good faith and fair dealing are different claims because they have different elements. Mot. to Dismiss at 6–7. The government is comparing apples and oranges: Bringing an alleged contractual entitlement to the contracting officer's attention is not the same as claiming a breach. What matters is that once the contracting officer is on notice of the contractor's alleged entitlement, the contractor can characterize the denial in different legal ways.

duty of good faith and fair dealing in a CDA claim to the contracting officer when the available facts support it.

But the rule of *Reliance* and *Renda Marine* is not the one applicable here, where the contracting officer's denial of the CDA claim itself supplied the last element of claims for breach of contract and for breach of the duty of good faith and fair dealing. When a CDA claim contains everything needed to put the contracting officer on notice except for the contracting officer's own denial, the contractor can pursue different theories in this Court for why the denial was wrongful. The government's reading of those cases would chain contractors to the legal theories in their CDA claims, contrary to the direction of *Scott Timber*. *See* 333 F.3d at 1365.

I conclude that Plaintiff gave the contracting officer notice of facts sufficient to put him on notice that denial of the CDA claim could breach the duty of good faith and fair dealing. This Court therefore has jurisdiction.

### B. Failure to State a Claim

As explained above, whether Plaintiff has stated a claim upon which relief can be granted depends on whether the well-pleaded facts in the complaint, taken as true, permit a plausible inference that the government is liable. *Iqbal*, 556 U.S. at 678. To plead a claim for breach of the duty of good faith and fair dealing, Plaintiff must allege (1) a specific promise that was undermined, *Dobyns*, 915 F.3d at 739, plus some combination of (2) subterfuge, evasion, or dishonesty, *Dotcom*, 112 Fed. Cl. at 596, and (3) reappropriation of a reasonably expected benefit, *Precision Pine*, 596 F.3d at 829. I conclude that Plaintiff has adequately alleged those elements.

The government argues that Plaintiff has failed to point to a specific promise that the government undermined. Mot. at 2. But if NPS directed Plaintiff to perform additional work, then denied payment when Plaintiff submitted a CDA claim — as Plaintiff alleges, Compl. ¶¶ 9, 17 — the government may have evaded its obligation to pay for constructive changes in the contract. *See Dotcom*, 112 Fed. Cl. at 596. For much the same reasons that the facts Plaintiff presented to the contracting officer were sufficient notice, those facts — plus the contracting officer's denial — state a claim for breach of the duty of good faith and fair dealing.

The government also argues that the Plaintiff's good faith and fair dealing claim should be dismissed as redundant because Plaintiff's complaint also includes a count for breach of contract based on the same facts. *See* Reply 3 n.3. Redundancy in a complaint's causes of action, of course, is not ordinarily a basis for dismissal. This Court's Rules expressly permit "alternative statements" of claims, or even inconsistent theories for relief. *See* RCFC 8(d)(2), (3). Defendant's only authority for dismissal of claims for breach of the duty of good faith and fair dealing that overlap

with claims for breach of contract — *CFS International Capital Corp. v. United States* — applied New York law, which does not govern in this case. *See* 118 Fed. Cl. 694, 701 (2014).[8] I therefore see no basis to depart from the usual rules of pleading.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is **DENIED**.

**IT IS SO ORDERED.**

s/ Stephen S. Schwartz
STEPHEN S. SCHWARTZ
Judge

---

[8] One case appears to apply *CFS International* more broadly, but without acknowledging the earlier case's basis in New York law. *Hamilton Square, LLC v. United States*, 160 Fed. Cl. 617, 629 (2022). A Federal Circuit decision dismissed a good faith and fair dealing claim as redundant because "the contract itself provide[d] other avenues of relief for [plaintiff] that preempt the need to invoke the doctrine of good faith and fair dealing." *BGT Holdings*, 984 F.3d at 1016. The government points to no similar provision applicable here.